```
                IN THE UNITED STATES BANKRUPTCY COURT

               FOR THE SOUTHERN DISTRICT OF TEXAS

                        HOUSTON DIVISION
                                         )
IN RE                                    )
                                         )
CRYSTAL COPELAND and                     )   CASE NO. 06-32116-H3-7
JOHN COPELAND,                           )
                                         )
        Debtors,                         )
                                         )
```

<u>MEMORANDUM OPINION</u>

The court has held a hearing on the "Affidavit of Debtor's Attorney" (Docket No. 11), which the court has construed as a pleading denying the existence of the deficiency set forth in the "Order Regarding Dismissal of Case" (Docket No. 2). The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

Crystal Copeland and John Copeland ("Debtors") filed a voluntary joint petition under Chapter 7 of the Bankruptcy Code on May 19, 2006.

Together with the petition, Debtors filed schedules A through J, a statement of financial affairs, a statement of intention, a notice to individual debtors pursuant to

11 U.S.C. § 342, and a list of creditors.  (Docket No. 1).
Debtors subsequently filed a certificate of credit counseling
(Docket No. 5), and payment advices (Docket No. 9).

Debtors have not filed form B22A, the "Statement of
Current Monthly Income and Means Test Calculation."

Debtors' attorney filed an affidavit, stating that
Debtors do not intend to file form B22A, on grounds the majority
of their debts are business debts.

Crystal Copeland testified that nearly all Debtors'
debts are personal guarantees of the debts of Crystal Graphics,
Inc., which she wholly owned, including debts related to copiers,
office systems, office rent, and a vehicle.  Crystal Graphics,
Inc. filed a voluntary petition under Chapter 7 of the Bankruptcy
Code on May 31, 2006, in Case No. 06-32230-H4-7.  Crystal
Copeland testified that she is no longer in business, and has
obtained new employment postpetition.

## Conclusions of Law

The instant case presents a question of first
impression for this court, as to whether an individual debtor in
a Chapter 7 case, with primarily business debts, is required to
file form B22A.  Section 521(i)(1) of the Bankruptcy Code
provides that, "if an individual debtor in a voluntary case under
chapter 7 or 13 fails to file all of the information required
under subsection (a)(1) within 45 days after the date of the

2

filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition."  11 U.S.C. § 521(i)(1).

Section 521(a)(1)(B)(ii) requires, unless the court orders otherwise, that the debtor file "a schedule of current income and current expenditures."  11 U.S.C. § 521(a)(1)(B)(ii).

Section 521(a)(1)(B)(v) requires, unless the court orders otherwise, that the debtor file "a statement of the amount of monthly net income, itemized to show how the amount is calculated."  11 U.S.C. § 521(a)(1)(B)(v).

The Bankruptcy Code does not define "monthly net income," but does define "current monthly income."  Section 101(10A) defines "current monthly income" as the average monthly income from all sources that the debtor receives, without regard to whether such income is taxable, derived during the 6 month period ending on the last day of the calendar month immediately preceding the date of commencement of the case if the debtor files the schedule of current income required by 521(a)(1)(B)(ii); or the date on which current income is determined by the court if debtor does not file the schedule of current income required by Section 521(a)(1)(B)(ii).  11 U.S.C. § 101(10A).

Interim Bankruptcy Rule 1007 (which was adopted by the United States Bankruptcy Court for the Southern District of Texas

3

effective on October 17, 2005) provides: "Unless § 707(b)(2)(D) applies, an individual debtor in a chapter 7 case with primarily consumer debts shall file a statement of current monthly income prepared as prescribed by the appropriate Official Form, and, if the debtor has current monthly income greater than the applicable median family income for the applicable state and household size, the calculations in accordance with § 707(b), prepared as prescribed by the appropriate Official Form."[1]

Only one published opinion addresses the interaction between Sections 521(a)(1)(B)(ii) and 521(a)(1)(B)(v). In In re Moates, 338 B.R. 716 (Bankr. N.D. Tex. 2006), the court determined that the filing of schedules I and J by an individual debtor in a Chapter 7 case with primarily business debts was sufficient to satisfy the requirements of Section 521(a)(1)(B)(v).

This court disagrees. A statute should be read to avoid rendering its language redundant if reasonably possible. Meltzer v. Board of Public Instruction, 548 F.2d 559 (5th Cir. 1977). Section 521(a)(1)(b)(ii) requires the filing of schedules of current income and current expenditures, terms which are not defined in the Code. Section 521(a)(1)(b)(v) requires a statement of current monthly income, which is a defined term. Congress could have drafted Section 521(a)(1)(b)(v) to render it

---

[1] Section 707(b)(2)(D), which relates to disabled veterans, does not apply in the instant case.

4

applicable only to individuals with primarily consumer debts, but it has not done so. The court concludes that individual Chapter 7 debtors with primarily business debts are required to file form B22A.

Based on the foregoing, the court will enter a separate Judgment directing Debtors to file form B22A within 15 days.

Signed at Houston, Texas on September 5, 2006.

```
                              /s/ L. Z. Clark
                              _____
                              LETITIA Z. CLARK
                              UNITED STATES BANKRUPTCY JUDGE
```